# Exhibit B



CALIFORNIA
6345 Balboa Blvd., Ste. 247
Encino, CA 91316
T: (800) 884-6000

ARIZONA
8245 N. 85th Way
Scottsdale, AZ 85258
T: (800) 884-6000

February 23, 2022

**VIA PROCESS SERVER**
**ALPINE CREDIT UNION**
c/o Paul Thomas Atkinson
**1510 N State Street**
**Orem, UT 84057**

RE: *Shara Lynn Bailey v. Experian Information Solutions, Inc.,* Case No. 1:21-cv-00465-BLW

Dear Ladies/Gentlemen,

  Attached hereto please find a Federal Subpoena to Produce Documents relevant to the above-referenced matter. **Please note that the deadline for your production of the responsive documents is March 9, 2022,** *however you may provide the documents prior to this time.* In lieu of a formal production at that date and time specified in the subpoena, to keep costs lower and conserve resources, we request that you forward the documents by electronic means such as **email** or **Dropbox**. If it is impossible to produce the documents electronically, you may have the documents put on a physical drive and forwarded to our **Scottsdale, Arizona office**. If more convenient, our office could provide you with a Federal Express shipping label so that you may forward the documents to our Scottsdale, Arizona office at our expense.

  We have also enclosed a proposed Affidavit to authenticate the documents produced, which may avoid further involvement of your company in this case. Accordingly, please sign and return **the original Affidavit at the time you produce the documents in compliance with the subpoena**. In order for any documents produced to be admissible during the trial of this matter we must have the executed Affidavit. In the event that you have <u>no records</u> responsive to the requested production, simply return the executed Affidavit with an explanation stating that you have attached "0 pages" of records.

  Further, we have enclosed a Federal Subpoena to Testify at a Deposition in a Civil Action, Exhibit A Notice of Deposition for **March 17, 2022, at 1:00pm PDT,** and witness deposition attendance fee in the amount of $40.00. Please be advised that you must produce a corporate designee of your company who is able to testify regarding the subject matters contained in the Notice of Deposition and the documents your company is producing in compliance with the subpoenas.

  We propose to take the deposition remotely no later than **March 25, 2022,** which is convenient to your witness, completely by videoconference. This can be from his/her own home or office with a computer that can run Zoom and a stable internet connection.

  In the event the witness is required to travel to the location identified in the subpoena or at an alternative location, we request that upon receipt of these subpoenas you contact me or our office so that

we may discuss the appropriate arrangements, including calculating the mileage and payment due in accordance with the Federal Rules of Civil Procedure and 28 U.S. Code § 1821. Please keep in mind, we have a very short window in which to make arrangements and to complete the deposition.

If you anticipate a problem complying with the enclosed subpoena or if you have any questions regarding the requirements for compliance by your Company, please contact me at **jenna@pricelawgroup.com** or at my direct dial **(818) 600-5513.**

Very truly yours,

*s/Jenna Dakroub*
Jenna Dakroub
**Price Law Group, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
Telephone: (818) 600-5513
Fax: (818) 600-5413
E: jenna@pricelawgroup.com
*Attorney for Plaintiff*
*Shara Lynn Bailey*

cc: Brianna Frohman, Legal Assistant
brianna@pricelawgroup.com


Enclosures:

Subpoena to Produce Documents
Authentication Affidavit
Subpoena to Testify at Deposition
Exhibit A - Deposition Topics

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | | |
|---|---|---|
| SHARA LYNN BAILEY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00465-BLW |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ALPINE CREDIT UNION

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents identifying information provided by you to Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC regarding Plaitniff Shara Lynn Bailey, including but not limited to the monthly information provided (account status, balance, actual payments,etc.) whether in electronic or paper form between March 2018 and present.

| Place: Q & A Reporting, Inc.<br>1872 South Main Street<br>Salt Lake City, UT 84115 | Date and Time:<br>03/09/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/23/2022

*CLERK OF COURT*

OR

_____          s/ Jenna Dakroub
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Shara Lynn Bailey , who issues or requests this subpoena, are:

Jenna Dakroub, Price Law Group, 8245 N. 85th Way, Scottsdale, AZ 85258, jenna@pricelawgroup.com, (818) 600-5513

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00465-BLW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARA LYNN BAILEY,<br><br>          Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          Defendant. | Case No.: 1:21-cv-00465-BLW |

## AUTHENTICATION AFFIDAVIT

Below the undersigned personally appeared, _____, who being duly sworn, deposes and says:

1. My name is _____. I am a resident of the State of _____. I am over the age of eighteen (18) years and am competent to make this affidavit. The statements set forth in this affidavit are based upon my personal knowledge.

2. I am custodian of the records or am otherwise familiar and competent to testify as to the authenticity of the records of _____.

3. The documents attached to this affidavit are the complete set of documents contained within our file regarding the information requested in the Plaintiff's subpoena. [Bate Stamped 00001-000\_\_\_\_]. These documents were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; were kept in the court of regularly conducted activity of **ALPINE CREDIT UNION** and were made by regularly conducted activity. These documents constitute business records of **ALPINE CREDIT UNION**

1

4. The foregoing facts are true and correct.

Further affiant sayeth not.

By:_____

Title:_____

Sworn and subscribed before me this _____ day of _____, 2022.

_____
NOTARY PUBLIC

My Commission Expires:_____

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| SHARA LYNN BAILEY<br>*Plaintiff*<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>*Defendant* | Civil Action No. 1:21-cv-00465-BLW |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ALPINE CREDIT UNION

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Exhibit A

| Place: Q & A Reporting, Inc.<br>1872 South Main Street<br>Salt Lake City, UT 84115 | Date and Time:<br>03/17/2022 1:00 pm PDT |
|---|---|

The deposition will be recorded by this method: video, audio, and/or stenography

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/23/2022

*CLERK OF COURT*

OR

_____          s/ Jenna Dakroub
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Shara Lynn Bailey , who issues or requests this subpoena, are:

Jenna Dakroub, Price Law Group, 8245 N. 85th Way, Scottsdale, AZ 85258, jenna@pricelawgroup.com, (818) 600-5513

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-00465-BLW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Jenna Dakroub, MN # 0401650
(admitted *pro hac vice*)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5513
Fax: (818) 600-5413
jenna@pricelawgroup.com

Ryan Farnsworth, ID # 8885
Avery Law
770 S. Woodruff Ave
Idaho Falls, ID 83401
Tel: 208-524-3020
Fax: 208-524-2051
ryan@averylaw.net

*Attorneys for Plaintiffs,*
*Shara Lynn Bailey*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARA LYNN BAILEY,<br><br>               Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>               Defendant. | Case No.: 1:21-cv-00465-BLW<br><br>**PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION OF ALPINE CREDIT UNION**<br><br>**Date: March 17, 2022**<br>**Time: 1:00 pm PDT**<br>**Location:**<br>*Conducted by Zoom video conference* |

**TO: ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 30(b)(6), that Plaintiff Shara Lynn Bailey ("Plaintiff"), through their undersigned attorney of record, will take deposition and oral examination of the corporate designee of Alpine Credit Union ("Alpine") on **March 17, 2022, at 1:00 pm PDT conducted by Zoom video**. The parties may mutually agree to change the date and time of the deposition. Due to COVID-19, depositions will be performed by Zoom video conference from the safety and comfort of our individual homes or offices. This deposition will be taken before a notary public or other officer authorized to administer oaths

and will be recorded by video and/or stenographically. The deposition will continue from day to day thereafter, except for Saturdays, Sundays, and State and Federal holidays, at the same place beginning at the same time, until completed. If an interpreter is requested to translate testimony, notice of the same must be given at least five (5) working days before the deposition date, and the specific language and/or dialect of thereof designated.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Alpine must designate one or more persons to testify on its behalf and set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify to the following areas of inquiry:

1. Explanation and Interpretation of Alpine's codes and internal documents.

2. Explanation on how Alpine furnishes to Credit Reporting Agencies information that an account has been included in bankruptcy.

3. Explanation on how the Documents produced show when Alpine began furnishing Plaintiff's Alpine Account as included in bankruptcy.

RESPECTFULLY SUBMITTED this 23rd day of February 2022,

By: */s/ Jenna Dakroub*
Jenna Dakroub, MN Bar 0401650
(admitted *pro hac vice*)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5513
Fax: (818) 600-5413
jenna@pricelawgroup.com

Ryan Farnsworth, ID # 8885
Avery Law
770 S. Woodruff Ave
Idaho Falls, ID 83401
Tel: 208-524-3020
Fax: 208-524-2051
ryan@averylaw.net

*Attorneys for Plaintiff,*
*Shara Lynn Bailey*