UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARA LYNN BAILEY,<br><br>        Plaintiff,<br><br>        v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 1:21-cv-00465-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Reconsideration (Dkt. 77). For the reasons explained below, the Court will grant the motion and enter summary judgment for Experian on Plaintiff Shara Lynn Bailey's remaining willfulness claim.

## BACKGROUND[1]

This case is brought by an individual, Plaintiff Shara Lynn Bailey, against a Credit Reporting Agency (CRA), Experian Information Solutions, Inc. Bailey claims that Experian violated the Fair Credit Reporting Act (FCRA) by

---

[1] For a thorough discussion of the background of this case, *see Mem. Decision & Order* at 2–9, Dkt. 73.

inaccurately reporting debts on her credit report that were previously discharged in bankruptcy.

On September 28, 2023, the Court granted Experian partial summary judgment. *Mem. Decision & Order*, Dkt. 73. Specifically, the Court dismissed Bailey's claim that Experian willfully violated the FCRA by continuing to report Bailey's discharged auto loan from Alpine Credit Union (the "Alpine account"). Experian reported the Alpine account in compliance with the post-bankruptcy reporting procedures set forth in a federal court-approved injunction ("the *White* injunction") issued in *White v. Experian Info. Sols., Inc.*, No. 05CV1070, 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008). This Court concluded that no reasonable jury could find that Experian willfully violated the FCRA by following those procedures. *Mem. Decision & Order* at 25, Dkt. 73.

However, the Court denied summary judgment on Bailey's claim that Experian willfully violated the FCRA by continuing to report her unsecured line of credit with Zions First National Bank (the "Zions account"). *Mem. Decision & Order* at 25–26, Dkt. 73. The *White* injunction did not address the reporting of "stale" accounts, like Bailey's Zions account, so this Court held that Experian was not shielded from Bailey's willfulness claim related to that account. *Id.* at 25–26. The Court also denied summary judgment on Bailey's claims of negligent violation of the FCRA, causation, and emotional distress. *Id.* at 26–31.

In its Motion for Summary Judgment (Dkt. 50), Experian relied heavily on its compliance with the *White* injunction in arguing that its post-bankruptcy reporting procedures are not "objectively unreasonable." *See Def.'s Memo. in Supp.* at 8–13, Dkt. 50-1; *Def.'s Reply* at 3–4, Dkt. 59. In response, Bailey argued, *inter alia*, that even if Experian's post-bankruptcy scrub procedures complied with the *White* injunction, that would not bear on Experian's continued reporting of the "stale" Zions account. *Pl.'s Memo in Opp.* at 6, 8, & 20, Dkt. 55. Experian responded by again emphasizing the reasonableness of its *White*-compliant post-bankruptcy scrub procedures, but Experian did not directly respond to Bailey's point that the *White* injunction does not bless the reporting of "stale" accounts.

As the movant, Experian bore the burden of showing that summary judgment was warranted as to each of Bailey's claims. Faced with evidence that Experian's own internal policies question the reliability of "stale" account information, and that Experian continued reporting the Zions account as current despite the data furnisher's silence, the Court denied Experian's request for summary judgment on Bailey's Zions account-related willfulness claim. *Mem. Decision & Order* at 25–26, Dkt. 73.

On October 18, 2023, Experian filed a motion asking the Court to reconsider its denial of summary judgment on Bailey's remaining willfulness claim. *Def.'s Motion*, Dkt. 77. Experian now offers a host of persuasive legal authorities and

extensive analysis addressing the reporting of "stale" accounts following

bankruptcy.  According to Experian, it could not have willfully violated the FCRA,

because no legal guidance "might have warned it" that continuing to report

Bailey's Zions account was "objectively unreasonable." *Shaw v. Experian Info*

*Sols., Inc.*, 891 F.3d 749, 760–61 (9th Cir. 2018) (internal citation omitted).

   Experian's motion is now fully briefed and ripe for decision. Oral argument

would not aid in the decisional process, and the Court now resolves the motion on

the briefing.

## LEGAL STANDARD

   A district court may reconsider its denial of summary judgment at any time

before the entry of final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d

74, 79–80 (9th Cir. 1979); *see also City of Los Angeles v. Santa Monica*

*Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (A district court has "inherent

procedural power to reconsider, rescind, or modify an interlocutory order for cause

seen by it to be sufficient."). But requests for reconsideration should be made

sparingly and will ordinarily be granted only based upon: "(1) an intervening

change in controlling law; (2) the availability of new evidence or an expanded

factual record; [or] (3) need to correct a clear error or to prevent manifest

injustice." *Planned Parenthood Great Nw. v. Wasden*, 564 F. Supp. 3d 895, 901

(D. Idaho 2021).

Summary judgment is appropriate when a movant shows that "there is no genuine issue as to any material fact and [that the movant] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Dzung Chu v. Oracle Corp.*, 627 F.3d 376, 387 (9th Cir. 2010). Once a movant makes that showing, the burden shifts to the opposing party to identify "specific facts demonstrating the existence of genuine issues for trial." *Id.* A mere "scintilla of evidence" will not do, however; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

Upon reconsideration, the Court will grant Experian's request for summary judgment on Bailey's remaining willfulness claim. A jury could not reasonably conclude that Experian willfully violated the FCRA by continuing to report Bailey's Zions account.

Under the Fair Credit Reporting Act (FCRA), Credit Reporting Agencies (CRAs) like Experian must "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing consumer credit reports. 15 U.S.C. § 1681e(b). The FCRA is not a strict liability statute, however, and a consumer may only sue a CRA if she has suffered actual harm as a result of a negligent or willful violation of the FCRA. *See Rydholm v. Equifax Info. Servs.*

*LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022) ("The FCRA requires reasonable—not perfect—procedures.").

The FCRA authorizes aggrieved consumers to sue CRAs who "willfully fail[] to comply" with the statute's provisions. 15 U.S.C. § 1681n(a). A violation is "willful" if the CRA knew or was reckless as to whether its conduct was unlawful under the FCRA. *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007). A CRA acts recklessly, in turn, if its interpretation of the FCRA creates "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* Conversely, so long as a CRA adopts a "reasonable reading of the statute's terms," it does not act willfully under § 1681n. *Id.* at 69.

In its prior Memorandum Decision and Order, this Court held that Bailey's willfulness claim related to Experian's reporting of the Alpine account was foreclosed because Experian's post-bankruptcy scrub procedures complied with the express prescriptions of the *White* injunction. *Mem. Decision & Order* at 24, Dkt. 73. On the other hand, the Court concluded that the *White* injunction does not bear on the reporting of "stale" accounts like Bailey's Zions account. That is, the *White* injunction addresses the assumptions that CRAs should make following a bankruptcy, but the injunction does not immunize a CRA from liability for other, unreasonable reporting procedures that the CRA may undertake in the future.

**MEMORANDUM DECISION AND ORDER - 6**

Accordingly, the Court denied summary judgment on Bailey's Zions account-related willfulness claim. *Id.* at 25–26.

Experian now offers substantial persuasive authority showing that courts have invariably dismissed willfulness claims based on the reporting of "stale" accounts under similar circumstances. *See Def.'s Memo. in Supp.* at 2–3, Dkt. 77-1 (collecting cases). After reviewing Experian's case law and the evidence offered by Bailey in this case, the Court will modify its prior Order and grant summary judgment on Bailey's Zions account-related willfulness claim.

Experian identifies six cases in which federal district courts have granted summary judgment on willfulness claims like Bailey's. *See Leslie v. Experian Info. Sols., Inc.*, No. 21CV334, 2023 WL 5000770, at *6 (D. Haw. Aug. 4, 2023); *Coleman v. Experian Info. Sols., Inc.*, No. 21CV1095, 2023 WL 2366609, at *14–15 (N.D. Ga. Feb. 6, 2023); *Forslund v. Experian Info. Sols., Inc.*, No. 21CV731, 2022 WL 5249651, at *8–10 (D. Minn. Oct. 6, 2022); *Campbell v. Experian Info. Sols., Inc.*, No. 20CV2498, 2022 WL 3716982, at *5–6 (D. Minn. Aug. 29, 2022); *Beers v. Experian Info. Sols., Inc.*, No. 20CV1797, 2022 WL 891620, at *4–5 (D. Minn. Mar. 25, 2022); *Bettcher v. Experian Info. Sols., Inc.*, No. 20CV319, 2021 WL 4290907, at *7–8 (D. Minn. Sept. 21, 2021).

While not binding, those decisions are persuasive. They also bear on the question of whether Experian had reason to know that its continued reporting of

the "stale" Zions account was not objectively reasonable. Relying on the principle that CRAs are not obliged to "preemptively determine the validity of reported debts," *Rydholm*, 44 F.4th at 1109, federal district courts have consistently rejected willfulness claims based merely upon a CRA's continued reporting of historically current "stale" accounts following bankruptcy. *See, e.g.*, *Leslie*, 2023 WL 5000770 at *6. And this Court has found "no statute, [regulatory] guidance, or case law that 'might have warned [Experian] away from the view it took' or informed Experian that its approach to reporting . . . was objectively unreasonable." *Shaw*, 891 F.3d at 760.

In denying summary judgment, the Court previously noted that Experian's own internal policies acknowledge that a data furnisher's protracted failure to update an account may indicate unreliability. *Mem. Decision & Order* at 25, Dkt. 73. After reviewing Experian's substantial persuasive case law on the reporting of stale accounts, the Court now concludes that those internal policies amount to a mere "scintilla of evidence" that cannot, alone, fend off summary judgment. *Anderson*, 477 U.S. at 252. In its briefs supporting reconsideration, Experian has pointed to extensive legal and factual support for the conclusion that its interpretation of the FCRA did not create "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69. At the time of Bailey's bankruptcy, the Zions account was

reporting in a "Current Status" with a balance. *See Mem. Decision & Order* at 6, Dkt. 73. Thus, under the dictates of the *White* injunction, Experian's post-bankruptcy scrubs did not exclude the Zions account. *Id.* at 7. And until Bailey filed this lawsuit, neither she nor Zions Bank informed Experian that the account had been discharged.

Given the "dearth of guidance" on the FRCA's requirements surrounding the reporting of "stale" accounts, a jury could not reasonably conclude that Experian willfully violated the FRCA by continuing to report the Zions account. Perhaps the jury in this case will determine that continuing to report that account with a balance was "objectively unreasonable." But based upon the evidence Bailey has offered in this case, the jury could not reasonably find a willful violation of the FCRA.

Upon reconsideration, the Court concludes that requiring Experian to defend against Bailey's Zions account-related willfulness claim would be clearly erroneous and unjust. Accordingly, the Court now modifies its prior Order (Dkt. 73) and grants Experian's request for summary judgment on Bailey's remaining willfulness claim.

**ORDER**

**IT IS ORDERED that** Defendant Experian Information Solutions, Inc.'s

Motion for Reconsideration (Dkt. 77) is **GRANTED**. The Court's prior

Memorandum Decision and Order (Dkt. 73) is modified as stated in this Order.

DATED: March 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge